# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

J. LEE,

    Plaintiff,

vs.                                                                                                                  No. CIV 17-1230 JB\LF

THE UNIVERSITY OF NEW MEXICO,
a public university, THE BOARD OF
REGENTS OF THE UNIVERSITY OF
NEW MEXICO, individually and in their
official capacities, ROBERT G. FRANK,
individually and in his official capacity,
LAURA VELE BUCHS, individually and in
her official capacity, HEATHER COWAN,
individually and in her official capacity,
FRANCIE CORDOVA, individually and in
her official capacity, MEGAN CHIBANGA,
individually and in her official capacity,

    Defendants.

## ORDER[1]

**THIS MATTER** comes before the Court on: (i) the Defendants' Motion to Dismiss Plaintiff's Due Process Claims, filed December 21, 2017 (Doc. 9)("Due Process Motion"); (ii) the Defendants' Motion to Dismiss Plaintiff's Title IX Claim, filed December 21, 2017 (Doc. 7)("Title IX Motion"); and (iii) the Defendants' Motion to Dismiss Plaintiff's Contract Claims, filed December 21, 2017 (Doc. 8)("Contract Motion"). The Court held a hearing on July 3, 2018. The primary issues are: (i) whether Plaintiff J. Lee may properly sue Defendants University of New Mexico ("UNM") and Board of Regents of the University of New Mexico for

---

[1]This Order disposes of the Defendants' Motion to Dismiss Plaintiff's Due Process Claims, filed December 21, 2017 (Doc. 9), the Defendants' Motion to Dismiss Plaintiff's Title IX Claim, filed December 21, 2017 (Doc. 7), and the Defendants' Motion to Dismiss Plaintiff's Contract Claims, filed December 21, 2017 (Doc. 8). The Court will, however, issue a Memorandum Opinion at a later date more fully detailing its rationale for this decision.

damages under 42 U.S.C. § 1983; (ii) whether Lee properly may sue Defendants Robert G. Frank, Laura Vele Buchs, Heather Cowan, Francie Cordova, and Megan Chibanga (collectively, "Individual Defendants") for damages under § 1983; (iii) whether Lee has pled facts sufficient to show that the Defendants deprived him of a protected liberty interest in his good reputation and a protected property interest in his continued enrollment at UNM by expelling him from UNM without providing him procedural safeguards such as adequate notice of the allegations, an adequate opportunity to respond, the opportunity to cross examine his accuser, the identification of all of the evidence and witnesses on which the Defendants relied during the investigation, a thorough and impartial investigation, and the active participation of legal counsel during the disciplinary proceedings; (iv) whether Lee's claim for damages for violation of the Constitution of the State of New Mexico fails as a matter of law; (v) whether the UNM policies and procedures that address sexual misconduct and student discipline create contractual obligations; (vi) whether Lee's allegations that the Defendants treated him less favorably as a male student accused of sexual misconduct are sufficient to support a finding of gender bias in violation of Title IX of the Educational Amendments Act of 1972, 20 U.S.C. §§ 1681-1683 ("Title IX").  The Court concludes that Lee has alleged facts sufficient to state a plausible Fourteenth Amendment procedural due process claim for injunctive and declaratory relief against the Board of Regents of UNM and Frank in his official capacity as president of UNM,[2] because Lee has a protected property interest in his continued enrollment at UNM and a protected liberty interest in his good reputation, and Lee's allegations plausibly support a finding that his sexual misconduct investigation resolved into a problem of credibility such that a formal or evidentiary hearing, to

---

[2]The Court understands that Frank is no longer president of UNM.  Frank's successor as president is therefore automatically substituted as a party, and all future proceedings should be in the substituted party's name.  See Fed. R. Civ. P. 25(d).

include the cross-examination of witnesses and presentation of evidence in his defense, is essential to basic fairness.  Moreover, the Court concludes that preponderance of the evidence is not the proper standard for disciplinary investigations such as the one that led to Lee's expulsion, given the significant consequences of having a permanent notation such as the one UNM placed on Lee's transcript.  That UNM provides an evidentiary hearing in cases of alleged non-sexual misconduct but not in cases of alleged sexual misconduct supports Lee's claim that the process he received was constitutionally inadequate. In addition, Lee did not receive notice that he faced sanctions for allegations related to underage drinking until his sanctions hearing, when it was too late to prepare an adequate defense. The Court concludes, however, that Lee cannot successfully sue Defendants for damages pursuant to § 1983, because (i) UNM is not a "person" under § 1983; and (ii) given that the contours of Lee's due process rights were not clearly established, the Individual Defendants are entitled to qualified immunity. The Court also concludes that the Defendants are entitled to governmental immunity under the New Mexico Tort Claims Act, NMSA 1978, § 41-4, so Lee cannot properly sue the Defendants for damages for violation of the Constitution of the State of New Mexico. The Court concludes that the UNM policies and procedures for students accused of sexual misconduct are guidelines for operation and lack specific promissory language necessary to create contractual obligations, so Lee cannot properly sue Defendants for breach of contract or breach of the implied covenant of good faith and fair dealing. At the hearing, Lee conceded his claims pursuant to Title IX, and the Court dismissed them at the time. The Court nevertheless finds that Lee's Title IX claims are not pled with sufficient specificity to infer that UNM treated Lee differently on account of his gender. The Court, accordingly, grants the requests in the Due Process Motion as to Lee's claim for damages against UNM, the Board of Regents of UNM, and the Individual Defendants, denies the requests

in the Due Process Motion as to Lee's claims for declaratory and injunctive relief, and grants the requests in the Title IX Motion and the Contract Motion.

**IT IS ORDERED** that: (i) the Defendants' Motion to Dismiss Plaintiff's Due Process Claims, filed December 21, 2017 (Doc. 9), is granted in that Plaintiff J. Lee's claim for damages against the University of New Mexico, the Board of Regents of the University of New Mexico, Robert G. Frank, Laura Vele Buchs, Heather Cowan, Francie Cordova, and Megan Chibanga is dismissed with prejudice; (ii) the Defendants' Motion to Dismiss Plaintiff's Title IX Claim, filed December 21, 2017 (Doc. 7), is granted; (iii) the Defendants' Motion to Dismiss Plaintiff's Contract Claims, filed December 21, 2017 (Doc. 8), is granted; (iv)  Counts I and II in Lee's Complaint for Injunctive and Declaratory Relief and Damages, filed in federal court on December 14, 2017 (Doc. 1-1)("Complaint"), as pled against Defendants Laura Vele Buchs, Heather Cowan, Francie Cordova, and Megan Chibanga, in their individual and official capacities, are dismissed with prejudice; (v) Counts IV, V, and VI in Lee's Complaint are dismissed with prejudice. The Court terminates Defendants Laura Vele Buchs, Heather Cowan, Francie Cordova, and Megan Chibanga as Defendants in this action, because no claims remain against them.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Arlyn G. Crow
Alana M. De Young
Adams+Crow, P.C.
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*


Quentin Smith
Leah M. Stevens-Block
Sheehan & Sheehan, P.A.
Albuquerque, New Mexico

 *Attorneys for the Defendants*