IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

J. LEE,

        Plaintiff,

                                    No. 1:17-cv-01230-JB-LF

v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO, and
GARNETT S. STOKES, in her official capacity
as the President of the University of New Mexico,

        Defendants.

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

COME NOW Defendants, The Board of Regents of the University of New Mexico ("UNM") and Garnett S. Stokes,[1] by and through counsel, Sheehan & Sheehan, P.A. (Quentin Smith and Leah M. Stevens-Block), and hereby answer Plaintiff's "Complaint for Injunctive and Declaratory Relief and Damages" ("Complaint" or "Pl. Cmplt.") [Doc. 1-1] as follows:

### First Defense

***Introduction***

1. In response to Paragraph 1 of the Complaint, Defendants admit that Plaintiff has brought the claims in the Complaint as recited, but Defendants affirmatively deny that they have taken any actions in violation of the New Mexico Constitution, the United States Constitution, New Mexico common law, and/or Title IX of the Education Amendments of 1972 ("Title IX").

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the current President of UNM, Garnett S. Stokes, has been automatically substituted for the former President of UNM, Robert G. Frank. Moreover, on September 20, 2018, the Court entered an Order [Doc. 36] dismissing all claims that Plaintiff brought against Defendants Laura Vele Buchs, Heather Cowan, Francie Cordova, and Megan Chibanga.

2.      Defendants admit the allegations in Paragraph 2 of the Complaint.

3.      In response to Paragraph 3 of the Complaint, Defendants admit that Plaintiff has brought the claims in the Complaint as recited, but Defendants affirmatively deny that they have taken any actions in violation of Plaintiff's state and federal constitutional, statutory, and/or common law rights.

4.      Defendants deny the allegations in Paragraph 4 of the Complaint.

*Jurisdiction and Venue*

5.      Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Complaint and, therefore, deny those allegations.

6-9.    Defendants admit the allegations in Paragraphs 6 through 9 of the Complaint.

10.     Upon information and belief, Defendants admit that UNM acted under color of state law at all times relevant to the Complaint. Defendants lack sufficient knowledge or information to admit or deny the vague and ambiguous allegations that individual regents "were acting within the scope of their employment, and under color of state law, at all times relevant to this Complaint" and, therefore, deny those allegations.

11.     Defendants admit the allegations in Paragraph 11 of the Complaint, but Defendants also affirmatively state that Robert G. Frank is no longer the President of UNM and that the current President of UNM, Garnett S. Stokes, has been substituted for him.

12-16. Defendants admit the allegations in Paragraph 12 through 16 of the Complaint, but Defendants also affirmatively state that that claims against Defendants Laura Vele Buchs, Heather Cowan, Francie Cordova, and Megan Chibanga, in their respective official and individual capacities, have been dismissed.

17.     Upon information and belief, Defendants admit the allegations in Paragraph 17 of the Complaint.

18-20.  Paragraphs 18 through 20 of the Complaint state legal conclusions to which no responses are required.

*Factual Background*

21-22.  Defendants admit the allegations in Paragraphs 21 and 22 of the Complaint.

23.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Complaint and, therefore, deny those allegations.

24.     Defendants admit the allegations in Paragraph 24 of the Complaint.

25.     In response to Paragraph 25 of the Complaint, Defendants admit that Plaintiff signed his application for admission to UNM, but Defendants deny that the application "included the policies and procedures the parties shall follow in disciplinary actions."

26.     In response to Paragraph 26 of the Complaint, Defendants admit that, from August 2012 to May 2016, Plaintiff paid tuition to and attended UNM as a graduate student, but the remaining allegations therein are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those remaining allegations.

27.     Defendants admit the allegations in Paragraph 27 of the Complaint.

28.     In response to Paragraph 28 of the Complaint, Defendants affirmatively state that Plaintiff enrolled in dissertation classes for the fall 2016 semester and paid tuition for those classes before he was then expelled on July 6, 2016.

29.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of the Complaint and, therefore, deny those allegations.

3

*University Policies and Procedures*

30-32.  Defendants deny the allegations in Paragraphs 30 through 32 of the Complaint.

33-35.  In response to Paragraphs 33 through 35 of the Complaint, Defendants state that the applicable UNM Student Grievance Procedure speaks for itself.

36.     In response to the first sentence of Paragraph 36 of the Complaint, Defendants affirmatively state that UNM's Office of Equal Opportunity ("OEO") follows its applicable Discrimination Claims Procedure ("DCP"), which has been consistent with the applicable Student Grievance Procedure, for the investigation of sexual misconduct in violation of Policy 2730 ("Sexual Harassment") and Policy 2740 ("Sexual Violence and Sexual Misconduct").  In response to the second and third sentences of Paragraph 36 of the Complaint, Defendants affirmatively state that allegations of discrimination in violation of Policy 2730 ("Sexual Harassment") and Policy 2740 ("Sexual Violence and Sexual Misconduct") are referred to OEO for investigation pursuant to the applicable DCP, but the remaining allegations therein are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those remaining allegations.

37.     In response to the first sentence of Paragraph 37 of the Complaint, Defendants affirmatively state that UNM's procedure for investigating allegations of sexual misconduct are set forth in Section 4.4 of the applicable Student Grievance Procedure and DCP, which each speaks for itself. In response to the second and third sentences of Paragraph 37 of the Complaint, Defendants admit the allegations based on the policies and procedures in effect at the time of the investigation giving rise to the allegations in this case.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39-41.  The allegations in Paragraphs 39 through 41 are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

42.      In response to Paragraph 42 of the Complaint, Defendants affirmatively state that OEO's procedures for investigating allegations of sexual misconduct are set forth in the applicable DCP, which speaks for itself.

43-45.  The allegations in Paragraph 43 through 45 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

46.      Defendants deny the allegations in Paragraph 46 of the Complaint.

47.      In response to Paragraph 47 of the Complaint, Defendants affirmatively state that "Probable Cause" is defined in Section 4.4(A)(vi) of the applicable Student Grievance Procedure and the applicable DCP and that the results of any investigation conducted by OEO will be issued in the form of a Preliminary Letter of Determination ("PLOD").

48-50.  The allegations in Paragraph 48 through 50 are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

51.      The allegations in the first sentence of Paragraph 51 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations. Defendants deny the allegations in the second sentence of Paragraph 51 of the Complaint.

52-53.  In response to Paragraphs 52 and 53 of the Complaint, Defendants affirmatively state that the process for seeking review of any final determination of OEO by the President of UNM and/or the Board of Regents are set forth in the applicable DCP, which speaks for itself.

54.     Defendants deny the allegations in the first sentence of Paragraph 54 of the Complaint. In response to the second and third sentences of Paragraph 54 of the Complaint, Defendants affirmatively state that the procedures for investigating and resolving allegations of sex discrimination, sexual harassment, sexual misconduct, and sexual violence are set forth in Section 4.4 of the applicable Student Grievance Procedure and the applicable DCP, which each speaks for itself.

55-56.  In response to Paragraphs 55 and 56 of the Complaint, Defendants affirmatively state that process for when "Probable Cause" is found is set forth in Section 4.4(C) of the applicable Student Grievance Procedure, which speaks for itself.

57.     The allegations in Paragraph 57 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

58-61.  Defendants deny the allegations in Paragraphs 58 through 61 of the Complaint.

*"Investigation" and Sanctions Hearing of Plaintiff*

62.     In response to Paragraph 62 of the Complaint, Defendants affirmatively state that, on September 21, 2015, OEO received a copy of the State of New Mexico Supplemental Report regarding the alleged sexual assault of a female student (hereinafter, "Complainant") by Plaintiff and another male student.

63.     In response to the first sentence of Paragraph 63, Defendants affirmatively state that, on September 21, 2015, Plaintiff was informed by letter that he was emergency banned from the UNM campus. In response to the second sentence of Paragraph 63 of the Complaint, Defendants admit that Plaintiff was not permanently banned from UNM campus until his expulsion in July 2016. The allegations in the third sentence of Paragraph 63 are too broad,

vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

64.     In response to Paragraph 64 of the Complaint, Defendant affirmatively states that OEO reached out to Complainant on September 21, 2015, via email.

65.     Defendants admit the allegations in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Complaint.

67-69.  Defendants admit the allegations in Paragraph 67 through 69 of the Complaint.

70.     In response to Paragraph 70 of the Complaint, Defendants affirmatively state that, on October 16, 2015, Ms. Vele Buchs met with Plaintiff to review with him the applicable DCP, which speaks for itself.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants admit the allegations in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     The allegations in Paragraph 74 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

75.     In response to Paragraph 75 of the Complaint, Defendants affirmatively state that Plaintiff denied that he sexually assaulted Complainant. Defendants deny the remaining allegations in Paragraph 75 of the Complaint.

76.     In response to Paragraph 76 of the Complaint, Defendants affirmatively state that, on October 27, 2015, Plaintiff gave Ms. Vele Buchs a written statement, which speaks for itself.

77.     Defendants admit the allegations in Paragraph 77 of the Complaint.

78-79.  Defendants deny the allegations in Paragraphs 78 and 79 of the Complaint.

80-81.   The allegations in Paragraphs 80 and 81 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

82.   In response to Paragraph 82 of the Complaint, Defendants admit that OEO, through Ms. Vele Buchs, made the determination as to the weight that should be given to any information provided to her during the investigation.

83.   In response to Paragraph 83 of the Complaint, Defendants admit that OEO, through Ms. Vele Buchs, made the determination as to whether Plaintiff violated UNM policy.

84.   In response to Paragraph 84 of the Complaint, Defendants admit that OEO allowed Plaintiff to have legal counsel present for any meetings between Plaintiff and OEO, but Defendants deny that OEO "did not allow counsel to represent Plaintiff at any meeting that he had with the OEO and/or Defendant Vele Buchs."

85.   Defendants deny the allegations in Paragraph 85 of the Complaint.

86.   The allegations in Paragraph 86 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

87.   In response to Paragraph 87 of the Complaint, Defendants affirmatively state that OEO did not conduct an adjudicatory hearing before finding "Probable Cause" that Plaintiff engaged in sexual misconduct, but Defendants deny that Plaintiff was not given a "hearing" during the OEO investigation.

88.   The allegations in Paragraph 88 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

89.     In response to Paragraph 89 of the Complaint, Defendants admit that OEO is the body that makes the "Probable Cause" finding.

90.     Defendants admit the allegation in the first sentence of Paragraph 90 of the Complaint. Defendants deny the allegations in the second sentence of Paragraph 90 of the Complaint.

91-94.  Defendants deny the allegations in Paragraphs 91 through 94 of the Complaint.

95-96.  The allegations in Paragraphs 95 and 96 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

97-99.  Defendants deny the allegations in Paragraphs 97 through 99 of the Complaint.

100.    In response to Paragraph 100, Defendants admit that Plaintiff was determined to be "not credible," but deny that such determination was made "summarily." Defendants further affirmatively state that, on January 20, 2016, OEO issued its PLOD regarding Complainant's assertions of non-consensual sexual activity against Plaintiff and that the PLOD speaks for itself.

101.    Defendants deny the allegations in the first sentence of Paragraph 101 of the Complaint. Defendants are without sufficient knowledge or information to admit or deny the allegations in the second and third sentences of Paragraph 101 of the Complaint and, therefore, deny those allegations.

102.    In response to Paragraph 102 of the Complaint, Defendants affirmatively state that the PLOD speaks for itself.

103.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 103 of the Complaint and, therefore, deny those allegations.

104.    In response to Paragraph 104 of the Complaint, Defendants affirmatively state that, on or about February 22, 2016, Plaintiff provided a written response, through legal counsel, to the PLOD and that Plaintiff's written response speaks for itself.

105.    Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    In response to the first and second sentences of Paragraph 106 of the Complaint, Defendants affirmatively state that, on February 25, 2016, OEO issued its Final Letter of Determination ("FLOD") regarding Complainant's assertion of non-consensual sexual activity against Plaintiff and that the FLOD speaks for itself. The third sentence of Paragraph 106 of the Complaint is too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

107.    In response to Paragraph 107 of the Complaint, Defendants admit that OEO, through Ms. Vele Buchs, made the factual determinations contained in the PLOD and the FLOD.

108.    In response to Paragraph 108 of the Complaint, Defendants admit that OEO, through Ms. Vele Buchs, drafted the PLOD and the FLOD.

109.    Defendants deny the allegations in Paragraph 109 of the Complaint.

110.    Defendants admit the allegations in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations in Paragraph 111 of the Complaint.

112.    Defendants admit the allegations in the first sentence of Paragraph 112 of the Complaint. In response to the second sentence of Paragraph 112 of the Complaint, Defendants deny that President Frank "ignored the obvious and glaring consistencies in the PLD and FLD." In further response to the second sentence of Paragraph 112 of the Complaint, Defendants admit

that President Frank found there were "sufficient facts in the record to support OEO's decision" but deny that such finding was made "summarily."

113.    In response to Paragraph 113 of the Complaint, Defendants affirmatively state that, pursuant to Section 1.5 of the Regents' Policy Manual, since the Board of Regents did not render its final decision within 90 days from the date the appeal was filed, the appeal was deemed denied.

114.    In response to Paragraph 114 of the Complaint, Defendants affirmatively state that, after his appeal of the FLOD, Plaintiff was referred to the UNM Dean of Students for sanctions, but Defendants deny that Plaintiff's appeal was denied "summarily."

115.    Defendants admit the allegations in Paragraph 115 of the Complaint.

116.    In response to Paragraph 116 of the Complaint, Defendants affirmatively state that Plaintiff asked Ms. Chibanga about the possibility sanctions he could receive and that Ms. Chibanga informed Plaintiff of the full range of possible sanctions, which included expulsion.

117.    The allegations in the first sentence of Paragraph 117 of the Complaint are too broad, vague, and ambiguous to admit or deny and, therefore, Defendants deny those allegations. Defendants admit the allegations in the second and third sentences of Paragraph 117 of the Complaint.

118.    Defendants admit the allegations in the first and second sentences of Paragraph 118 of the Complaint. The allegations in the third sentence of Paragraph 118 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

119.    Defendants deny the allegations in the first sentence of Paragraph 119 of the Complaint. In response to the second sentence of Paragraph 119 of the Complaint, Defendants affirmatively state that Ms. Chibanga communicated by email with Plaintiff regarding the administrative sanctions hearing and that those emails speak for themselves.

120.    The allegations in Paragraph 120 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

121.    In response to Paragraph 121 of the Complaint, Defendants affirmatively state that Plaintiff was provided a notice of the sanctions hearing and that the notice speaks for itself.

122.    Defendants admit the allegations in the first sentence of Paragraph 122 of the Complaint. Defendants are without sufficient knowledge or information to admit or deny the allegations in second sentence of Paragraph 122 of the Complaint and, therefore, deny those allegations.

123.    In response to Paragraph 123 of the Complaint, Defendants admit that, on July 6, 2016, Ms. Chibanga issued a sanctions letter to Plaintiff and that the letter speaks for itself.

124.    Defendants admit the allegations in the first sentence of Paragraph 124 of the Complaint. In response to the second sentence of Paragraph 124, Defendants affirmatively state that President Frank and UNM denied Plaintiff's appeal from his expulsion and permanent barring from campus, but Defendants deny "there were numerous inconsistencies in the FLD and the PLD" and that "the circumstances did not warrant such a severe sanction."

125-129.    Defendants deny the allegations in Paragraphs 125 through 129 of the Complaint.

130-131.     Defendants admit the allegations in Paragraphs 130 and 131 of the Complaint.

132.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 132 of the Complaint and, therefore, deny those allegations.

133.     Defendants deny the allegations in the first sentence of Paragraph 133 of the Complaint. Defendants are without sufficient knowledge or information to admit or deny the allegations in the second sentence of Paragraph 133 of the Complaint and, therefore, deny those allegations.

*"Dear Colleague Letter" and Department of Justice Report*

134.     The allegations in Paragraph 134 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

135.     Defendants admit the allegations in the first sentence of Paragraph 135 of the Complaint. In response to the second sentence of Paragraph 135 of the Complaint, Defendants admit that UNM maintains an OEO, but the remaining allegations therein state legal conclusions to which no responses are required.

136.     The allegations in Paragraph 136 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

137.     In response to the first, second, third, and fourth sentences of Paragraph 137 of the Complaint, Defendants affirmatively state that, on April 4, 2011, the Office of Civil Rights ("OCR") for the United States Department of Education ("DOE") issued a "Dear Colleague Letter" that addressed certain obligations under Title IX and that the "Dear Colleague Letter"

speaks for itself. Defendants deny the allegations in the fifth sentence of Paragraphs 137 of the Complaint.[2]

138-139.     Paragraphs 138 and 139 of the Complaint state legal conclusions to which no responses are required.

140.    The allegations in the first sentence of Paragraph 140 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations. In response to the second sentence of Paragraph 140 of the Complaint, upon information and belief, Defendants affirmatively state that, on December 4, 2014, the United States Department of Justice ("DOJ") initiated an investigation regarding UNM's handling of reports by students of sexual harassment, including sexual assault, at its Albuquerque campus. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations therein and, therefore, deny those allegations.

141.    In response to Paragraph 141 of the Complaint, Defendants affirmatively state that, on April 22, 2016, the DOJ sent a letter to President Frank regarding "Title IX and Title IV Investigation of University of New Mexico" and that the letter speaks for itself.

142-145.     Defendants deny the allegations in Paragraphs 142 through 145 of the Complaint.

***Count I – Due Process Violations – Article II, § 18 of the New Mexico Constitution, Fourteenth Amendment of the U.S. Constitution, and 42 U.S.C. § 1983***

146.    In response to Paragraph 146 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 145 as set forth above.

---

[2] To the extent Defendants are expected to respond to the allegations in the footnote to Paragraph 137 of the Complaint, Defendants affirmatively state that, on September 22, 2017, the OCR issued a notice and press release withdrawing the 2011 Dear Colleague Letter and that the notice and press release each speaks for itself.

147-153.    Paragraphs 147 through 153 of the Complaint state legal conclusions to which no responses are required.

154.    Defendants deny the allegations and legal conclusions in Paragraph 154 of the Complaint.

155.    The allegations in Paragraph 155 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

156-171.    Defendants deny the allegations and legal conclusions in Paragraphs 156 through 171 of the Complaint.

***Count II – Injunctive Relief***

172.    In response to Paragraph 172 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 171 as set forth above.

173-175.    Defendants deny the allegations and legal conclusions in Paragraphs 173 through 175 of the Complaint.

***Count III – Request for Declaratory Relief – 28 U.S.C. § 2201 and NMSA 1978 § 44-6-1 et seq.***

176.    In response to Paragraph 176 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 175 as set forth above.

177.    Defendants deny the allegations and legal conclusions in Paragraph 177 of the Complaint.

178.    In response to Paragraph 178 of the Complaint, Defendants admit that Plaintiff seeks the judicial determination recited therein, but Defendants deny that the investigative and sanctioning processes utilized by UNM against Plaintiff are "unconstitutional, improper, and violative of Plaintiff's rights, and, as such, inadequate and invalid as a matter of law."

179-180.     Defendants deny the allegations and legal conclusions in Paragraphs 179 and 180 of the Complaint.

181.     The allegations in Paragraph 181 of the Complaint are too broad, vague, and ambiguous for Defendants to admit or deny and, therefore, Defendants deny those allegations.

182.     Defendants deny the allegations and legal conclusions in Paragraph 182 of the Complaint.

**Count IV – Violation of Title IX – 20 U.S.C. § 1681(a)**

183-212.     On September 20, 2018, the Court entered an Order [Doc. 36] dismissing Plaintiff's claim brought pursuant to Title IX; therefore, Defendants need not respond to the allegations and legal conclusions in Paragraphs 183 through 212 of the Complaint.

**Count V – Breach of Contract**

213-217.     On September 20, 2018, the Court entered an Order [Doc. 36] dismissing Plaintiff's claim for breach of contract; therefore, Defendants need not respond to the allegations and legal conclusions in Paragraphs 213 through 217 of the Complaint.

**Count VI – Breach of the Covenant of Good Faith and Fair Dealing**

218-222.     On September 20, 2018, the Court entered an Order [Doc. 36] dismissing Plaintiff's claim for breach of the implied covenant of good faith and fair dealing; therefore, Defendants need not respond to the allegations and legal conclusions in Paragraphs 218 through 222 of the Complaint.

**Prayer for Relief**

In response to the "Prayer for Relief" on Pages 35 and 36 of the Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested against Defendants.

### Second Defense

Defendants deny any allegations not specifically admitted in this Answer.

### Third Defense

The Complaint fails to state a cause of action or claim upon which relief can be granted.

### Fourth Defense

Plaintiff was not entitled to any greater procedural safeguards than he received from UNM prior to his expulsion.

### Fifth Defense

Plaintiff has waived his due process claim by failing to exhaust all available remedies prior to bringing his claim against Defendants.

### Sixth Defense

Plaintiff is unable to meet the legal requirements for obtaining injunctive and/or declaratory relief against Defendants.

### Seventh Defense

Defendants reserve the right to assert any additional defenses that may be discovered during the pendency of this case.

### Conclusion

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint, award Defendants their reasonable attorneys' fees, and provide such other relief as the Court deems just and proper.

/ / /

/ / /

SHEEHAN & SHEEHAN, P.A.
*Attorneys for Defendants*
P.O. Box 271
Albuquerque, NM 87103
(505) 247-0411; (505) 842-8890 (fax)
qs@SheehanSheehan.com; lsb@SheehanSheehan.com

                  /s/ Quentin Smith
By: _____
                  Quentin Smith
                  Leah M. Stevens-Block

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Complaint for Injunctive and Declaratory Relief and Damages was electronically filed using the CM/ECF system, which cause a copy to be sent by email to Plaintiff's counsel, Adams+Crow, P.C. (Arlyn Crow and Alana M. De Young), on this 1st day of March, 2019.

                  /s/ Quentin Smith
                  _____
                  Quentin Smith